IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

　Plaintiff,

　v.

LAKISHA SWOPE,

　Defendant.

CIVIL ACTION FILE NO.
1:21-CR-72-1-TWT

**OPINION AND ORDER**

　　This is a criminal action. It is before the Court on the Defendant's Motion for Compassionate Release [Doc. 109], Amended Supplemental Motion [Doc. 115], Supplemental Motion [Doc. 118], and Motion for Reconsideration [Doc. 119]. On February 9, 2023, Lakisha Swope was convicted of one count of conspiracy to commit wire fraud. Ms. Swope's conviction stems from her role in a Paycheck Protection Program ("PPP") fraud scheme. During the scheme, Ms. Swope repeatedly submitted materially false information to the United States Small Business Administration ("SBA") to obtain relief funding that was intended to support small business struggling with the economic impact of COVID-19. Ms. Swope used the fraudulently obtained $3.5 million dollars she received from the SBA for unauthorized expenditures including luxury clothing, restaurants, personal

rent, hotels, and vacation rentals.

Ms. Swope is currently serving a forty-six-month prison sentence at Federal Correctional Institution, Tallahassee ("FCI Tallahassee"). Having served barely five months of that sentence, Ms. Swope now requests this Court to reduce her sentence or, in the alternative, release her to home confinement. In support of her request, she makes three arguments. First, she argues that she should be released because she is the only available caregiver for her two minor grandchildren. Second, she claims that the conditions at FCI Tallahassee are causing her health to decline. Third, and finally, Ms. Swope argues that she should be released because remaining at FCI Tallahassee is infringing upon her constitutional right to practice her religion. Ms. Swope is also requesting this Court to "vacate" her judgment of conviction to the extent that the judgment orders her to pay $3,626,961.00 in restitution to the SBA. In support of this request, she cites a 2015 Amendment to the United States Sentencing Guidelines and suggests that government agencies like the SBA "can not be a victim for the purposes of restitution."

In her Amended Supplemental Motion for Compassionate Release, Ms. Swope requests the Court to order that she be put into home confinement for the remainder of her sentence. [Doc. 119, at 2] ("defendant … respectfully moves this Court to release the defendant to home confinement."); (*id*., at 3) ("defendant urges

the Court to issue an order of immediate release to home confinement …."). The compassionate release statute, however, does not permit a transfer to home confinement (other than as a condition of supervised release following a reduction in sentence). *See* 18 U.S.C. § 3582. Indeed, this Court has recognized that "[t]he [Bureau of Prisons], not the Court, makes the decision regarding placement on home confinement… before expiration of a custodial sentence." *United States v. Green*, 2017 WL 3948925, *1 (N.D. Ga. Sep. 8, 2017). To the extent that Ms. Swope is seeking a Court order that she be placed into home confinement for any or all of her remaining sentence of incarceration, her motion should be denied.

With limited exceptions, the Court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the Court to reduce a sentence in "extraordinary and compelling" circumstances. As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file a motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  The Court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18

U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Ms. Swope bears the burden of proof. *See, e.g., United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) ("In seeking a reduced sentence under this framework, the defendant 'bears the burden of establishing that compassionate release is warranted.'").

As a threshold matter, Ms. Swope has failed to prove that she has exhausted her administrative remedies. The BOP has promulgated regulations to govern the filing and evaluation of requests to file compassionate release motions. *See* 28 C.F.R. § 571.60-.64. The inmate should submit the request to the warden and should include, at a minimum, "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." *Id.* § 571.61(a). Congress had good reason for requiring an inmate to petition the BOP for release first and then wait 30 days for an answer before filing in court: during that time, the Bureau of Prisons conducts an extensive assessment of each

compassionate release request. *See* 28 C.F.R. § 571.62(a). Ms. Swope admits that she did not exhaust her administrative remedies. She claims that the law no longer requires it. That is incorrect. Administrative exhaustion is a statutory prerequisite without which the court "may not modify a term of imprisonment" under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, § 3582(c)(1)(A) imposes a mandatory claim-processing rule that must be enforced if the government raises it. *See, e.g., United States v. Harris*, 989 F.3d 908, 910-11 (11th Cir. 2021); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (holding that § 3582(c)(1)(A) establishes "mandatory claim-processing rules," which admit no "judge-made exceptions"). The government has raised the requirement in this case.

Ms. Swope's "Motion for Reconsideration" asks the Court to "vacate the defendant's restitution." [Doc. 119, at p. 2]. At sentencing, the Court ordered Ms. Swope to pay $3,626,961.00 in restitution to the SBA for her role in a PPP fraud scheme. If the Court construes Ms. Swope's request to "vacate [her] restitution" as an appeal of the Court's restitution order (as opposed to a motion to vacate her sentence), Ms. Swope's request should be denied because it is barred by the terms of her plea agreement. And even if the plea agreement allowed her to appeal the restitution order (and it does not), the Court should deny her appeal because it is untimely. To the extent that the court construes Ms. Swope's request as a motion to

vacate pursuant to 28 U.S.C. § 2255, that motion should be denied. The Eleventh Circuit has long held that a defendant cannot utilize § 2255 to challenge an order of restitution. *See, e.g., United States v. Blaik*, 161 F.3d 1341, 1342 (11th Cir. 1998) (holding that "§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence."). This is because the plain language of the statute indicates § 2255 applies to "a prisoner in custody ... claiming the right to be released." 28 U.S.C. § 2255. Stated differently, "granting a restitution reduction in a § 2255 motion would be taking an action clearly not authorized by the statute's language." *United States v. Mamone*, 559 F.3d 1209, 1211 (11th Cir. 2009).

For the reasons set forth above, the Defendant's Motion for Compassionate Release [Doc. 109], Amended Supplemental Motion [Doc. 115], Supplemental Motion [Doc. 118], and Motion for Reconsideration [Doc. 119] are DENIED.

SO ORDERED, this  18th  day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge