# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LAKISHA SWOPE, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:21-CR-0072-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:24-CV-2463-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Lakisha Swope's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 129], and the government's response, [Doc. 133]. For the reasons that follow, it is **RECOMMENDED** that this § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a ten-count indictment against Swope and co-defendant Treisha Pearson for their roles in a Paycheck Protection Program fraud scheme, charging them in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371; in Counts Two through Five with bank fraud, in violation of 18 U.S.C. § 1344; in Counts Six

through Nine with wire fraud, in violation of 18 U.S.C. § 1343; and in Count Ten with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Doc. 1]. During this scheme, Swope and Pearson conspired to submit materially false information to the United States Small Business Administration ("SBA") to obtain relief funding intended to support small businesses struggling with the economic impact of COVID-19, and they then used the $3.5 million fraudulently obtained from the SBA for unauthorized expenditures, including luxury clothing, restaurants, personal rent, hotels, and vacation rentals. [Id. ¶¶ 11-14].

Represented by court-appointed attorney Mark A. Campbell ("Campbell"), Swope entered a negotiated guilty plea to Count One, and the government agreed to dismiss the remaining counts. [Doc. 83-1]. On August 8, 2023, the Court entered judgment, sentencing Swope to forty-six months of imprisonment. [Doc. 98]. The Court also ordered Swope to pay $3,626,961.00 in restitution to the SBA. [Id. at 6]. On April 4, 2024, Swope filed a motion asking the Court "to vacate [her] restitution" on the ground "that a government agency cannot be a victim for the purpose of restitution." [Doc. 119 at 2-3]. The Court denied that motion on July 18, 2024. [Doc. 134].

Swope timely filed this pro se § 2255 motion, arguing only that Campbell provided her ineffective assistance by erroneously advising her before she signed

2

the plea agreement that the government could legally be the victim for purposes of restitution. [Doc. 129]. The government responds that Swope's claim is beyond the scope of a § 2255 and lacks merit. [Doc. 133 at 2-6].

## II.  DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

3

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential," id. at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. Id. at 1315; Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .").

As to the second prong, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if

4

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Petitioner has the burden of affirmatively proving prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000).

The United States Court of Appeals for the Eleventh Circuit has held "that § 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody." Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998). "Therefore, a claim of ineffective assistance of counsel for failing to challenge the amount of restitution is beyond the scope of a

5

§ 2255 proceeding." Hill v. United States, No. 04-60265-CR, 2007 WL 9728453, at *8 (S.D. Fla. Dec. 10, 2007), report and recommendation adopted, No. 04-60265-CR, 2008 WL 11450621 (S.D. Fla. Jan. 11, 2008), aff'd, 317 F. App'x 910 (11th Cir. 2009). "To the extent that [Swope] challenges the restitution order, [she] may not avail [herself] of § 2255 relief." Id. See also [Doc. 134 at 6].

In any event, Swope's claim lacks merit. The restitution order in this case was governed by the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which provides that district courts "shall order" restitution to victims in certain categories of crimes, including fraud offenses. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). The Eleventh Circuit has ruled that "the term 'victim,' as used in the MVRA, includes the government." United States v. Mateos, 623 F. 3d 1350, 1370 (11th Cir. 2010). See also United States v. Dickerson, 370 F.3d 1330, 1343 (11th Cir. 2004) (affirming district court's order that defendant pay restitution to the Social Security Administration under the MVRA); United States v. Hirmer, 767 F. Supp. 2d 1305, 1309 n.9 (N.D. Fla. 2011) ("The government may be a victim for purposes of the MVRA." (citations omitted)). Accordingly, Campbell's advice that Swope would be ordered to pay restitution to the SBA was reasonable. Swope also fails to show prejudice because she has not alleged that she would have opted to

6

proceed to trial had counsel's advice regarding restitution differed. Therefore, Swope is not entitled to § 2255 relief.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Swope's ground for relief, the resolution of the issue presented is not debatable by jurists of reason, and the undersigned recommends that she be denied a COA.

## IV. CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Swope's § 2255 motion, [Doc. 129], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 12th day of August, 2024.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE